# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTINA M. WILLIAMSON and ) <br> GALIN R. BROWN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNIFUND CCR PARTNERS, ) <br> DEAN J. JUNGERS, ) <br> ZB LIMITED PARTNERS, ) <br> CREDIT CARD RECEIVABLES FUND, ) <br> INC., and JOHN DOES 1-10, ) <br> ) <br> Defendants. ) | 8:08CV218 <br><br> ORDER |

This matter is before the court on the plaintiffs' Motion to Compel Defendant Dean Jungers' Rule 26(a) Disclosures, or in the Alternative, Motion *in Limine* to Exclude (Filing No. 36). The plaintiffs state Mr. Jungers has failed to serve his initial disclosures as required by Federal Rule of Civil Procedure 26(a) and this court's August 5, 2008 Order (Filing No. 20). On August 5, 2008, the court imposed a deadline of September 19, 2008, for the parties to serve the mandatory disclosures described by Rule 26(a)(1). **See** Filing No. 20. The deadline was based on the deadline proposed by the parties in their planning reports. **See** Filing No. 18 and Filing No. 19.

The plaintiffs state they have not received the mandatory disclosures from Mr. Jungers. The plaintiffs' counsel state they contacted Mr. Jungers on October 30, 2008, by sending a "communication", to confer about the delinquent disclosures, but did not receive the disclosures. On November 14, 2008, the plaintiffs filed the instant motion. On November 29, 2008, the plaintiffs filed a supplemental index of evidence (Filing No. 52) containing an undated affidavit attesting to the information alleged in the motion. Mr. Jungers has not filed any certificate of serve for the mandatory disclosures to date.[1] Additionally, Mr. Jungers did not respond to the plaintiffs' motion to compel.

---

[1] However, the court notes Mr. Jungers did file a certificate of service for his responses to other discovery requests in September 2008. **See** Filing No. 26.

## ANALYSIS

Rule 26(a)(1) provides that certain initial disclosures be made to all parties without awaiting a discovery request. Under Rule 26, parties must make the initial disclosures "within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order." **See** Fed. R. Civ. P. 26(a)(1)(A), 26(a)(1)(C). In this case, the parties agreed to provide disclosures by September 19, 2008. **See** Filing No. 18 and Filing No. 19. Thereafter, the progression order also required the parties to make their mandatory disclosures by September 19, 2008. **See** Filing No. 20. Mr. Jungers failed to respond to the plaintiffs' attempt to attain the disclosures or to the plaintiffs' motion to compel.

Federal Rule of Civil Procedure 37 provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Further such motion, "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The court finds the plaintiffs have included sufficient certification required by this rule. Upon consideration, the plaintiffs' motion to compel will be granted and Mr. Jungers will be ordered to make his mandatory disclosures pursuant to Rule 26(a)(1) and the progression order in this matter.

Rule 37 further provides:
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . .

Fed. R. Civ. P. 37(c)(1).

The plaintiffs seek an order from the court requiring the delinquent disclosures, or in the alternative, excluding Mr. Jungers from presenting any evidence he failed to

disclose. The court will evaluate the necessity for sanctions after allowing Mr. Jungers an opportunity to show cause why sanctions should not be imposed. Accordingly,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Compel Defendant Dean Jungers' Rule 26(a) Disclosures, or in the Alternative, Motion *in Limine* to Exclude (Filing No. 36) is granted.

2. Mr. Jungers shall have to **on or before December 30, 2008**, to serve his Rule 26(a)(1) mandatory disclosures on the other parties and to file certification of the service pursuant to NECivR 26.1.

3. Mr. Jungers shall have to **on or before December 30, 2008**, to show cause why sanctions, including the award of attorneys' fees under Rule 37(c)(1), should not be imposed.

DATED this 11th day of December, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge