IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTINA M. WILLIAMSON and GALIN R. BROWN, | ) ) ) |
| Plaintiffs, | ) ) 8:08CV218 |
| vs. | ) ) ORDER ) |
| UNIFUND CCR PARTNERS, DEAN J. JUNGERS, ZB LIMITED PARTNERS, and CREDIT CARD RECEIVABLES FUND, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on the plaintiffs' Motion to Strike Affirmative Defenses (Filing No. 33). The plaintiffs seek to strike certain affirmative defenses plead by defendants Unifund CCR Partners, Credit Card Receivables Fund, Inc., and ZB Limited Partners, (collectively the Unifund defendants). The plaintiffs filed a brief (Filing No. 34) and an index of evidence (Filing No. 35) in support of the motion. The Unifund defendants filed a brief (Filing No. 46) and an index of evidence (Filing No. 47) in opposition to the motion. The plaintiffs filed a brief (Filing No. 56) in reply. The defendant Dean J. Jungers did not participate in the briefing of this motion.

### BACKGROUND

On May 26, 2008, the plaintiffs filed suit against the defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. § 59-1601 *et seq.* **See** Filing No. 1 - Complaint. The plaintiffs allege the defendants' liability arises from the practice of "filing or proceeding on time-barred lawsuits without first making reasonable inquiry about the time-barred claims" and wrongfully "asserting entitlement to and collection of statutory attorneys' fees." *Id.* p. 1. With regard to the plaintiffs, the defendants filed actions in state court for judgments related to uncollected debt. *Id.* p. 5-7. Subsequently, the actions were dismissed with prejudice for failure to file within the statute of limitations period. *Id.* On

June 19, 2008, the Unifund defendants filed an answer denying liability and itemizing several affirmative defenses.  **See** Filing No. 12.  On June 20, 2008, Mr. Jungers filed an answer to the Amended Complaint.  **See** Filing No. 15.  On January 13, 2009, with leave of court, the Unifund defendants filed an Amended Answer adding a defense.  **See** Filing No. 63.

On October 7, 2008, after the filing of this lawsuit, one of the plaintiffs filed an action against the same defendants for violations of the FDCPA and NCPA.  **See** Filing No. 1 - ***Brown's* Complaint**; **see also** Filing No. 8 - ***Brown's* Amended Complaint** in ***Brown v. Unifund CCR Partners, et al.***, 8:08CV451 (D. Neb.) (***Brown*** action).  In the ***Brown*** action, the plaintiff alleges the defendants have a routine practice of sending collection letters which fail to provide the recipient with notice of his or her validation of rights pursuant to the FDCPA, specifically 15 U.S.C. § 1692g(a).  The plaintiff in the ***Brown*** action had also filed a motion to strike most of the Unifund defendants' defenses.

On November 5, 2008, the plaintiffs filed the instant motion seeking to strike the Unifund defendants' first, second, third, fourth, sixth, seventh, ninth, eleventh, twelfth and fourteenth defenses.  **See** Filing No. 33.  Generally, the plaintiffs contend these defenses fail as a matter of law for insufficiency, that is the Unifund defendants fail to provide sufficient support, legal or otherwise, to provide the plaintiffs with adequate notice of the elements of each defense.  Further, the plaintiffs argue the defenses are not based on the facts of this case.  Finally, the plaintiffs state having to conduct discovery and additional motion practice based on these faulty defenses is a burden on the plaintiffs.  The plaintiffs filed their motion to strike prior to the date the Unifund defendants filed the Amended Answer, however none of the defenses at issue were amended.  The plaintiffs do not challenge Mr. Jungers' Answer by way of a motion to strike.

The Unifund defendants deny any of the challenged defenses should be stricken. The Unifund defendants argue there is no prejudice to the plaintiffs by inclusion of the defenses and these defendants will re-evaluate the necessity for the defenses upon further discovery.  However, according to these defendants, the motion to strike was untimely filed and/or is premature because the case is at an early stage of proceedings.  The court need

not reach the issue of whether the plaintiffs motion was timely since the motion applies equally to the newly filed Amended Answer.

## ANALYSIS

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). A party may move the court to strike an opposing party's pleading "within 20 days after being served with the pleading" or the court may act on its own. *Id.*. A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). **BJC Health Sys. v. Columbia Cas. Co.**, 478 F.3d 908, 917 (8th Cir. 2007). However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings. **See** *id.* Accordingly, "[a] motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted).

Affirmative defenses are subject to Federal Rule of Civil Procedure 8(b), which require a party "state in short and plain terms" the party's defenses to each claim asserted against it. Fed. R. Civ. P. 8(b). Additionally, Rule 8(c) requires a party to affirmatively state any affirmative defenses. **See** Fed. R. Civ. P. 8(c).

> However, this does not mean that they must be pleaded with particularity. Rather, a defendant's assertion of an affirmative defense is adequate when it gives the plaintiff fair notice of the defense. Rule 8(c) is designed to ensure that a defendant has notice that a particular defense is in play in the case, not necessarily how that defense applies:
>> The requirement that affirmative defenses be specifically pleaded is based on notions of fair play. A party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention. At the same time, hypertechnicality in pleading requirements should be avoided. Thus, liberal pleading rules are equally applicable to the pleading of affirmative defenses. More important, what matters is not whether the magic words

> > "affirmative defense" appears in pleadings, but whether the Court and the parties were *aware of the issues involved.*
> 
> Along that line, defenses should not be stricken where the law or facts determining their application are unclear.

*New Hampshire Ins. Co. v. Marinemax of Ohio, Inc.*, 408 F. Supp. 2d 526, 529-30 (N.D. Ohio 2006) (internal citations omitted); **see** *Barnwell & Hays, Inc. v. Sloan*, 564 F.2d 254, 255 (8th Cir. 1977) (particular terminology not required, affirmative defense sufficient if apprises the plaintiff of the defendant's intention to rely on defense); **see also** *General Elec. Capital Corp. v. Lanmann*, No. 2:05-CV-1130, 2006 WL 2077103, at *3 (S.D. Ohio July 24, 2006) (unpublished) ("Rule 8(c) similarly targets fair notice, but is arguably even less demanding than its Rule 8(b) counterpart."); *Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005) (unpublished) ("Rule 8(c) merely requires affirmative defenses to be affirmatively set forth, but does not require even a short and plain statement."). By contrast, an affirmative defense with no basis in law may be stricken. **See** *United States v. Dico, Inc.*, 266 F.3d 864, 879-80 (8th Cir. 2001) (defense stricken where foreclosed by circuit precedent).

Generally, motions to strike affirmative defenses are granted only when the court is "convinced that there are no questions of fact and that any questions of law are clear and not in dispute, and that under no set of circumstances can the defense succeed." *Puckett v. United States*, 82 F. Supp. 2d 660, 662-63 (S.D. Tex. 1999) (quotation omitted). "Essentially, then, the [pleading party] must provide enough information to allow the [opposing party] to know what issues to delve into during discovery." *New Hampshire Ins.*, 408 F. Supp. 2d at 528. Furthermore, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Finally, a party must usually make a showing of prejudice before a court will grant a motion to strike. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

4

### A.     First Defense

The plaintiffs seek to strike the Unifund defendants' first defense. Specifically, it appears the plaintiffs seek to have stricken the words "First Defense" which are on page one of the answer. The plaintiffs note the placement of the words is above the entire answer, but argues the Unifund defendants' "tactic clearly does not comply with Fed. R. Civ. P. 10". **See** Filing No. 34 - Brief p. 11. The plaintiffs do not attempt to strike the Unifund defendants' answer as a whole or any of the specific text under the heading. The Unifund defendants' use of a heading on their answer does not constitute "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The use of a heading does not create confusion, an extraneous issue or burden for the plaintiffs. Accordingly, the heading "First Defense" will not be stricken.

### B.     Second and Seventh Defenses

Under the Unifund defendants' heading titled Second Defense, the answer states: "Plaintiffs' Complaint fails to state a claim upon which relief may be granted." **See** Filing No. 63 - Amended Answer p. 12. Similarly, under the Unifund defendants' heading titled Seventh Defense, the answer states "The Complaint fails to state a valid claim for attorneys' fees and costs." **Id.** p. 13. The plaintiffs contend they allege only two causes of action which clearly state claims for relief. Further, these claims, if proven, entitle the plaintiffs to attorneys fees under the stated statutes. The plaintiffs states neither of these defenses is a proper "affirmative defense" and they are without merit.

The Unifund defendants acknowledge these are not affirmative defenses, but state there is no time lost by listing them and no resources conserved by striking them. The Unifund defendants argue they did not have sufficient information to immediately file a motion under Fed. R. Civ. P. 12(b)(6), but believe the plaintiffs have failed to state a claim based on the statute of limitations, which time frame the parties dispute. The Unifund defendants contend placing the defenses in the answer raises a dispute of law or fact and notifies the plaintiffs of the Unifund defendants' position. Finally, the Unifund defendants state this defense is commonly pled in this district and does not prejudice the plaintiffs.

Under the circumstances, the court will not strike the Unifund defendants' second and seventh defenses. The Unifund defendants are stating their position in their answer. Such statements are not scandalous or redundant. Additionally, the statements do not prejudice the plaintiffs. While the court will not determine the merits of the defenses at this time, the defenses are not indisputably immaterial or insufficient, that is the defenses are not without any basis at law.

### C.   Third Defense

Under the Unifund defendants' heading titled Third Defense, the answer states: "Plaintiffs' claims may be barred by the equitable defenses of laches, unclean hands, and equitable estoppel." **See** [Filing No. 63](#) - Amended Answer p. 12. The plaintiffs contend this defense fails to supply the plaintiffs with sufficient information and/or does not apply to the facts of this case. **See** [Filing No. 34](#) - Brief p. 12-13. The Unifund defendants argue these affirmative defenses are waived if not timely pled. Accordingly, the Unifund defendants included the defense in an abundance of caution and seek to conduct additional discovery prior to determining the final applicability. Further, the Unifund defendants contend inclusion of these defenses do not prejudice the plaintiffs.

It appears inappropriate to strike the Unifund defendants' third defense at this time. The Unifund defendants' third defense is not scandalous or redundant. Listing the defense in the answer notifies the plaintiffs of the Unifund defendants' position and provides a basis for future action on the part of the plaintiffs either through discovery or dispositive motion practice. Listing the defense does not unduly prejudice the plaintiffs.

### D.   Fourth Defense

Under the Unifund defendants' heading titled Fourth Defense, the answer states: "Plaintiffs' damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Defendants are not responsible or liable." **See** [Filing No. 63](#) - Amended Answer p. 12. The plaintiffs contend the fourth defense is insufficient as a matter of law because the only other party involved is the Unifund defendants' attorney, Mr. Jungers.

The plaintiffs argue that since the Unifund defendants would be liable for the acts of their attorney there is no "third-party" who is or could be liable associated with this action.

The Unifund defendants argue the defense does not refer simply to other parties in the action, but may include non-parties. Specifically, the Unifund defendants stated they purchase or service distressed debt and may determine at a later time that a third-party might be responsible for some error. Accordingly, the Unifund defendants contend additional discovery is needed prior to determining the merits of the fourth defense.

The plaintiffs have failed to show the Unifund defendants' fourth defense is insufficient as a matter of law. While the defense may not apply with regard to Mr. Jungers, the defense may apply to others. Inclusion of the defense allows the plaintiffs to prepare for additional discovery, if necessary. While inclusion of the defense may insert an issue unanticipated or undesirable to the plaintiffs, the issue, which is disputed, will not be resolved at this stage of litigation. Further, the Unifund defendants show the defense is not without some basis.

### E.     Eleventh Defense

Under the Unifund defendants' heading titled Eleventh Defense, the answer states: "To the extent there were any violations of state or federal law, such purported violations were not done by Defendants with the requisite intent or knowledge." **See** Filing No. 63 - Amended Answer p. 13. The plaintiffs contend the eleventh defense is insufficient as a matter of law because both the federal and state causes of action are based on strict liability. Specifically, "Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999) aff'd, 236 F.3d 446 (8th Cir. 2001). However, the plaintiffs acknowledge that knowledge may have a bearing on damages.

The Unifund defendants contend the defense does bear on liability with regard to the "bona fide error" defense. Further, they argue the application of this defense to the issue of damages, specifically failure to mitigate, is sufficient to prevent striking. The plaintiffs dispute whether any failure to mitigate is relevant. The plaintiffs notes the bona fide error defense is a valid defense, however it was separately pled as a defense by the

7

Unifund defendants. Because the issue of intent or knowledge may be relevant to the issue of damages, the plaintiffs' motion to strike the eleventh defense should be denied.

### F.   Twelfth Defense

Under the Unifund defendants' heading titled Twelfth Defense, the answer states: "Neither Plaintiffs nor any alleged class members have suffered any actual damages as a result of the alleged acts and/or omissions of any of the Defendants." **See** Filing No. 63 - Amended Answer p. 13. The plaintiffs state the defense is not true, but is also improper because an FDCPA plaintiff does not need to show damages to establish a right of recovery. **See** *Crawford v. Equifax Payment Servs., Inc.*, 1998 WL 704050, at * 12 (N.D. Ill. Sept. 30, 1998) (unpublished) (striking defense because "even assuming that plaintiff suffered no actual damages, plaintiff can still state a claim for relief under the FDCPA."). The Unifund defendants do not dispute the plaintiffs' lack of necessity to show damages for liability. However, the Unifund defendants again state the defense is related to the issue of damages since the plaintiffs may recover for their actual damages in addition to the statutory damages under the FDCPA. The Unifund defendants assert the inclusion of this defense provides context and background to inform the plaintiffs and the court of the issues which may arise during the case. The inclusion does not prejudice the plaintiffs who would be required to prove damages, if any, regardless of the stated defense.

Under the circumstances, the court will not strike the Unifund defendants' twelfth defense. The Unifund defendants are stating their position in their answer. Such statement is not scandalous or redundant. Additionally, the statement does not prejudice the plaintiffs who are not required to take any additional action or conduct additional discovery on the issue. While the court will not determine the merits of the defense at this time, the defense is not immaterial or without basis at law.

### G.   Sixth, Ninth and Fourteenth Defenses

The plaintiffs seek to have the Unifund defendants' sixth, ninth and fourteenth defenses stricken based on *res judicata* with respect to the underlying state court proceedings. These defenses allege the plaintiffs' failure to mitigate damages, the

collection actions were related to legitimate debt owed, and that the plaintiffs' claims are subject to set-off. **See** Filing No. 63 - Amended Answer p. 13-14. Specifically, the plaintiffs contend that because the two underlying state court actions against them were dismissed with prejudice, the Unifund defendants are precluded from seeking any payment on the uncollected debt associated with those actions.

The Unifund defendants state they initially offered to withdraw these defenses as a compromise with the plaintiffs, however now withdraw the offer. The Unifund defendants contend the defenses will be re-evaluated after some discovery, like all of their defenses. Additionally, the Unifund defendant argue these defenses are supported by the facts of this case as related to any actual damages the plaintiffs will allege they incurred as a result of the defendants' conduct. The Unifund defendants assert that if the collection actions were related to legitimate debt such debt, without regard to the dismissal of the earlier actions, might impact the plaintiffs' actual damages in this case. For example, if the plaintiffs suffered poor credit due to the unpaid debt, the defendants' filing of the lawsuits may not impact the plaintiffs' credit. For these reasons, the defenses are unrelated to any assertion of a continuing right to collect the debt. Finally, the Unifund defendants contend the defenses, if not strictly related to the named plaintiffs, may be relevant to other members of the proposed class.

Under the circumstances, the court will not strike the Unifund defendants' sixth, ninth and fourteenth defenses. The Unifund defendants' are not scandalous or redundant. Additionally, the statements doe not prejudice the plaintiffs, but alerts them to the issues which may need additional attention. The court will not determine the merits of these defenses at this time, the defenses are not immaterial or without basis at law. Upon consideration,

**IT IS ORDERED:**

The plaintiffs' Motion to Strike Affirmative Defenses (Filing No. 33) is denied.
DATED this 23rd day of January, 2009.

                                                BY THE COURT:

                                                s/Thomas D. Thalken
                                                United States Magistrate Judge