IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHRISTINA M. WILLIAMSON and GALIN R. BROWN, | ) ) ) | |
| Plaintiffs, | ) ) | 8:08CV218 |
| vs. | ) ) | ORDER |
| UNIFUND CCR PARTNERS, DEAN J. JUNGERS, ZB LIMITED PARTNERS, CREDIT CARD RECEIVABLES FUND, INC., and JOHN DOES 1-10, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court *sua sponte* after the court's December 11, 2008 order to show cause (Filing No. 55). In the December 11, 2008 order, the court directed the defendant Dean J. Jungers to show cause why sanctions should not be imposed for the failure to provide discovery as required under the federal rules. **See** Filing No. 55. Mr. Jungers had provided responses to certain requests for production, but had not provided initial disclosures. Mr. Jungers did not respond to the plaintiffs' motion to compel and did not respond to the court's order. However, the record reflects a certificate of service for the initial mandatory disclosures. **See** Filing No. 57.

Fed. R. Civ. P. 37(a)(5)(A) provides:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994); **see** *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "Rule 37 sanctions are to be applied diligently." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (**quoting** *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980)). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys.*,

Inc., 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." *Illinois Tool*, 43 F. Supp. 2d at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." *Id.*

Mr. Jungers' failure to provide discovery required the plaintiffs to file a motion to compel. Mr. Jungers has had a reasonable opportunity to provide justification for the failure to provide the discovery. Mr. Jungers has failed to provide any justification for the failure. Mr. Jungers' conduct caused unnecessary expense, delay, and court intervention. Accordingly, the court finds the plaintiffs should be granted reasonable expenses for filing the motion to compel. See Fed. R. Civ. P. 37(a)(5). Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs are awarded reasonable costs and attorney's fees in bringing the November 14, 2008 motion to compel (Filing No. 36).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before February 19, 2009,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the plaintiffs may file **on or before February 20, 2009,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Mr. Jungers shall have **until on or before March 4, 2009,** to respond to the plaintiffs' application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 27th day of January, 2009.

BY THE COURT:

s/Thomas D. Thalken<br>
United States Magistrate Judge