**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| Christina M. Williamson & Galin R. Brown, On Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | **Case No.: 8:08-CV218** |
| vs. | |
| Unifund CCR Partners, Dean J. Jungers, Credit Card Receivables Fund, Inc., ZB Limited Partners, and John Does 1 through 10 inclusive, | |
| Defendants. | |

**ORDER GRANTING CERTIFICATION OF SETTLEMENT CLASS,**
**PRELIMINARY APPROVAL OF SETTLEMENT**
**AND NOTICE TO CLASS**

AND NOW, this 25th day of June, 2009, upon consideration of the Joint Stipulation to certify the settlement class and Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Notice to Class, the Court having reviewed such Stipulation and unopposed Motion and the Settlement Agreement with supporting papers; and

The court finds that the following settlement classes consisting of two subclasses should be certified:

**Statute of Limitations Class.** All Nebraska residents against whom Unifund filed a collection lawsuit for a "receivable," or against whom a Unifund collection lawsuit for a "receivable" was pending or proceeding, in an attempt to collect a debt incurred primarily for personal, family, or household purposes, where the last payment was made more than four years before the filing of the collection lawsuit. Subclass A includes the FDCPA claims for all such residents sued or against whom a suit was

1

pending or proceeding from May 26, 2007 through the date of certification.  Subclass B includes the NCPA claims for all such residents sued or against whom a suit was pending or proceeding from May 26, 2004 through the date of certification.

Defendants represent that there are approximately 513 people in the Statute of Limitations Class.

**Attorneys Fees Class.**  All Nebraska residents against whom Unifund filed a collection lawsuit for a "receivable," or against whom a Unifund collection lawsuit for a "receivable" was pending or proceeding, in an attempt to collect a debt incurred primarily for personal, family, or household purposes, which sought or collected any funds for statutory attorneys fees or interest.  Subclass A includes the FDCPA claims for all such residents sued or against whom a suit was pending or proceeding from May 26, 2007 through the date of certification.  Subclass B includes the NCPA claims for all such residents sued or against whom a suit was pending or proceeding from May 26, 2004 through the date of certification.  Ddefendants represent that there are approximately 2,371 people in the Attorneys Fees Class.

The court also finds that Christina Williamson and Galin Brown are appointed as class representatives, and Pamela A. Car, William L. Reinbrecht and O. Randolph Bragg are appointed as Class Counsel.

IT IS THEREFORE ORDERED THAT:

1.     The above settlement are hereby certified and the proposed settlement as set forth in the settlement agreement  (Exhibit "1") executed by the parties is preliminarily approved as fair, reasonable, and adequate, subject to a hearing for final approval pursuant to Fed.R.Civ.P. 23 (c), and (e).

2**.**  A hearing ("Final Approval Hearing") is hereby set **for October 9, 2009, at 11:00 a.m.**  in Courtroom 3, Roman Hruska United States Courthouse, 111 S. 18th Plaza,  Omaha, NE  68102, to determine whether the proposed settlement is fair, reasonable, and adequate,  and should be finally

approved; and to consider an award of reasonable attorney fees and expenses pursuant to law, and an award to the class representatives.

3.  Notice of the proposed settlement and of the Final Approval Hearing shall be given by a First Class mailing of the Notice of Class Action and of Proposed Settlement (the "Notice") in substantially the form attached as Exhibits 2 & 3 to the Evidence Index filed herewith, individually addressed to each person meeting the above class definitions at his or her last known address in Defendants' records within 30 days after the date of this Order; and by one time publication in the *Omaha World Herald* Newspaper by notice in substantially the form of Exhibit 3 to the Evidence Index filed herewith. Such notices may be edited to condense them  according to the recommendation of the class administrator First Class, Inc. or otherwise to save cost and expense.

4.  Any member of the class may opt out of the class at any time prior to the expiration of 35 days from the date of the Notice. To opt out of the class, a class member must complete and return a request for exclusion as described in the Notice, which request for exclusion shall be post marked no later than thirty five (35) days from the date on the Notice ("the Opt out date"). Any member of the class who opts out shall not be subject to the settlement agreement or any final order in this case.

5.  No member of the class, or any other person, shall be heard at the final approval hearing in opposition to the settlement class certification, the class settlement class counsels' attorney fees and expenses, or the proposed payments to the class representatives unless such class member files with the clerk of the court and serves upon class counsel, and upon the Defendants' counsel the following: (1) a statement of each objection being made; (2) a detailed description of the facts underlying each objection; (3) a detailed description of the legal authorities  underlying each objection;  (4) a statement of whether the objector  intends to appear at the final hearing; (5) a list of witnesses whom the objector may call  with a summary of each witnesses' anticipates testimony;  and (6) a list of exhibits which the

objector may offer during the final approval hearing together with true copies of all the exhibits.

6.   Class members, and any other persons objecting, shall file such notices and objections with the Court and serve such notice of objection on class counsel and counsel for the Defendants no later than 35 days from the date of said notice. Class members and any other persons who fail to properly or timely file their notices and objections with the court, or fail to timely serve said notices and objections on class counsel and Defendants' counsel, shall not be heard during the Final Approval Hearing and the Court will not consider their objections. However, such objectors shall remain fully entitled to opt out of the Class through the opt out date. Any notice required by this paragraph shall be served on class counsel by mail or fax. No objection shall be heard by the court which does not comply with these requirements, which is not timely filed with the court, or which is not timely served on listed counsel.

7.   This Order shall not be construed or deemed to be a finding of this court or evidence of a presumption, implication, concession, or admission by Defendants concerning (a) any liability, fault, or wrongdoing by Defendants, (b) the appropriateness or measure of any alleged loss or damages. If the settlement agreement is terminated pursuant to its terms or is not consummated for any reason, whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED:

Dated:  June 25, 2009.

BY THE COURT:


**s/ Joseph F. Bataillon**
United States District Judge